JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Mark Pinkasavage & Barry Spayd, Trustees of the IBEW Local No. 743 Health & Welfare Fund, et al.

**(b)** County of Residence of First Listed Plaintiff Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Marc L. Gelman, Esquire, Holroyd Gelman, P.C., 2005 Market Street, Suite 920, Philadelphia, PA 19103 (215)

**DEFENDANTS**

Redtail Solar, LLC

County of Residence of First Listed Defendant Schuylkill
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [X] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
29 U.S.C. §§ 185(a), 1132, 1145, and 28 U.S.C. §1331

Brief description of cause:
Collection of Funds Due Under ERISA and Labor Contract

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** TBD - Compel Audi

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE 1/16/26 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:_Berks County, PA

______________________________________________

***RELATED CASE IF ANY:*** Case Number:______________________ Judge:________________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☑ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A. Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☑ 16. All Other Federal Question Cases. *(Please specify)*:_____ERISA
- 17. ______________________

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_______________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_______________ ____________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☑ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK PINKASAVAGE and BARRY E. SPAYD, Trustees of the IBEW LOCAL NO. 743 HEALTH AND WELARE FUND, the IBEW AFL-CIO LOCAL UNION NO. 743 AND NECA PENN-DEL-JERSEY CHAPTER READING DIVISION RETIREMENT PLAN, and the IBEW LOCAL NO. 743 JOINT TRUST FUND – APPRENTICESHIP AND EDUCATION FUND, | ) | Civil Action No. |
| Plaintiffs, | ) | ***This Document Was Electronically Filed*** |
| vs. | ) | |
| REDTAIL SOLAR, LLC | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiffs, Mark Pinkasavage and Barry E. Spayd, Trustees of the IBEW Local No. 743 Health and Welfare Fund, the IBEW AFL-CIO Local Union No. 743 and NECA Penn-Del-Jersey Chapter Reading Division Retirement Plan, and the IBEW Local No. 743 Joint Trust Fund – Apprenticeship and Education Fund, by their counsel, Holroyd Gelman, PC, hereby file the within Complaint, of which the following is a statement:

1. This action is brought by fiduciaries of three multiemployer employee benefit plans: a) to compel a payroll audit of a contributing employer to determine the amount of employee benefit contributions the employer is known to owe, but has not reported or paid, to the plans under the terms of the relevant collective bargaining agreements, trust agreements, and plan

documents; and, b) to recover all such delinquent employee benefit contributions determined to be due to the plans upon the conclusion of said payroll audit.

2. This Court has jurisdiction of this action under Section 502(e)(1) of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1132(e)(1).

3. Plaintiffs, Mark Pinkasavage and Barry E. Spayd, are members of the Boards of Trustees ("Trustees") of the IBEW Local No. 743 Health and Welfare Fund ("Welfare Fund"), the IBEW AFL-CIO Local Union No. 743 and NECA Penn-Del-Jersey Chapter Reading Division Retirement Plan ("Retirement Plan"), and the IBEW Local No. 743 Joint Trust Fund – Apprenticeship and Education Fund ("JATF"; collectively, the "Reading Electricians Benefit Plans"). The Trustees are the administrator and the named fiduciary of the Reading Electricians Benefit Plans, as those terms are defined in Sections 3(16)(A) and 402(a)(2) of ERISA, 29 USC §§ 1002(16)(A), 1102(a)(2).

4. Defendant, Redtail Solar, LLC, (the "Employer") is a limited liability company existing under the laws of the Commonwealth of Pennsylvania, with a business located at 48 Rockland Drive, Orwigsburg, Schuylkill County, Pennsylvania, 17961.

5. The Reading Electricians Benefit Plans are multiemployer employee benefit plans as those terms are defined by Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37). The Reading Electricians Benefit Plans are established and maintained according to the provisions of plan documents and trust agreements and are provided for in a collective bargaining agreement (the "CBA") between the International Brotherhood of Electrical Workers Local No. 743 (the "Union") and the Employer. The Reading Electricians Benefit Plans are administered by the Trustees at 20 Morgan Drive, Reading, Berks County, Pennsylvania, 19608.

6. Venue in this Court is proper under Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), because the Reading Electricians Benefit Plans are administered in this judicial district and because the Employer has failed to report and make employee benefit contributions in this judicial district. Venue in this Court is also proper under 28 U.S.C. §1391(b) as the actions of the Employer complained of herein either occurred within this judicial district and/or had their intended effects within this judicial district.

7. At all times relevant herein, the Employer has been bound to a CBA with the Union establishing the terms and conditions of employment for the Employer's employees, which provides, in Sections 6.02, 6.03 and 6.04, the Employer's obligation to make employee benefit contributions to the Reading Electricians Benefit Plans on behalf of its employees.

8. Section 6.01 of the CBA incorporates the terms of the Reading Electricians Benefit Plans' plan documents and trust agreements.

9. The Reading Electricians Benefit Plans are third-party beneficiaries of the CBA.

10. ERISA and the Reading Electricians Benefit Plans' trust agreements authorize the Trustees to conduct an audit of the Employer's payroll records to determine whether it properly reported employee benefit contributions to the Reading Electricians Benefit Plans.

11. Sections 6.02, 6.03 and 6.04 of the CBA require that the Employer make employee benefit contributions to the Reading Electricians Benefit Plans by the 15th day of the month following the month in which covered employees worked.

12. Since at least August 2024, the Employer employed individuals performing work covered by the CBA but has not reported or paid contributions owed to the Reading Electricians Benefit Plans as required by the CBA.

13. Despite multiple written demands by the Trustees that the Employer report and pay the employee benefit contributions due, the Employer has refused to do so, and the Employer's employee benefit contributions to the Reading Electricians Benefit Plans are past due.

**COUNT I – TO COMPEL AUDIT PURSUANT TO SECTION 502(a)(3) OF ERISA AND THE TERMS OF THE PLAN**

14. The Trustees incorporate the allegations set forth above in paragraphs 1 through 13 as if fully set forth herein.

15. Section 502(a)(3) of ERISA authorizes a fiduciary of an employee benefit plan to bring a civil action to enjoin any act violating the terms of the plan. 29 U.S.C. §1132(a)(3).

16. The Reading Electricians Benefit Plans' plan documents and trust agreements authorize the Trustees to conduct an audit of the Employer's payroll records.

17. The Trustees demand that an audit of the Employer's payroll records be conducted to determine the correct amount of employee benefit contributions owed by the Employer to the Reading Electricians Benefit Plans under the terms of the CBA.

WHEREFORE, Plaintiffs pray for judgment as follows:

A. Awarding injunctive relief in favor of the Trustees and the Reading Electricians Benefit Plans, and requiring the Employer to fully cooperate with a payroll audit as directed by the Trustees, which cooperation shall include producing all records required by the Trustees' auditor;

B. Awarding the Reading Electricians Benefit Plans reasonable attorney's fees and costs of this action, including auditor's fees and expenses, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1); and,

C. Awarding such other appropriate relief as the Court may deem equitable.

**COUNT II – TO COMPEL AUDIT AND TO RECOVER DELINQUENT CONTRIBUTIONS PURSUANT TO SECTIONS 502(a)(3) AND 515 OF ERISA**

18. The Trustees incorporate the allegations set forth above in paragraphs 1 through 17 as if fully set forth herein.

19. Section 502(a)(3) of ERISA authorizes a fiduciary of an employee benefit plan to bring a civil action to enjoin any act violating any provision of Title I of ERISA. 29 U.S.C. §1132(a)(3).

20. Section 515 of ERISA requires every employer obligated to make employee benefit contributions to a multiemployer plan under the terms of the plan or a collective bargaining agreement to do so in accordance with the terms of the plan or the collective bargaining agreement. 29 U.S.C. §1145.

21. The Employer has failed to report and pay employee benefit contributions to the Reading Electricians Benefit Plans as required by the Reading Electricians Benefit Plans' plan documents and trust agreements, and the CBA.

22. In so failing to report and pay employee benefit contributions, the Employer violated Section 515 of ERISA, 29 U.S.C. § 1145.

WHEREFORE, Plaintiffs pray for judgment as follows:

A. Awarding injunctive relief in favor of the Trustees and the Reading Electricians Benefit Plans, and requiring the Employer to fully cooperate with a payroll audit as directed by the Trustees, which cooperation shall include producing all records required by the Trustees' auditor;

B. Awarding the Reading Electricians Benefit Plans all unpaid contributions owed by the Employer as determined by the Trustees after completion of the payroll audit, as provided by Section 502(g)(2)(A) of ERISA, 29 U.S.C. § 1132(g)(2)(A);

C. Awarding the Reading Electricians Benefit Plans interest on all unpaid contributions owed by the Employer, as provided by the Reading Electricians Benefit Plans' plan documents, trust agreements, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

D. Awarding the Reading Electricians Benefit Plans an amount equal to the greater of (i) the interest on the unpaid contributions, or (ii) liquidated damages determined in accordance with the Reading Electricians Benefit Plans' plan documents and trust agreements, but not to exceed 20% of the amount of unpaid contributions, as provided by Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

E. Awarding the Reading Electricians Benefit Plans reasonable attorney's fees and costs of this action, including auditor's fees and expenses, as provided by Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and,

F. Awarding such other legal or equitable relief as the Court may deem appropriate, as provided by Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

HOLROYD GELMAN, PC

By: */s/ Marc L. Gelman*

Marc L. Gelman
PA ID #78857
mgelman@hglaborlaw.com
One Commerce Square
2005 Market Street, Suite 920
Philadelphia, PA 19103
(215) 351-0655

ATTORNEYS FOR MARK PINKASAVAGE and BARRY E. SPAYD, Trustees of the IBEW LOCAL NO. 743 HEALTH AND WELARE FUND, the IBEW AFL-CIO LOCAL UNION NO. 743 AND NECA PENN-DEL-JERSEY CHAPTER READING DIVISION RETIREMENT PLAN, and the IBEW LOCAL NO. 743 JOINT TRUST FUND – APPRENTICESHIP AND EDUCATION FUND